IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LARRY W. CHASTAIN                                                                      PLAINTIFF

v.                                    No. 5:03CV00292 GH

STANDARD INSURANCE COMPANY                                               DEFENDANT

# ORDER

Pending before the Court is plaintiff's April 12th motion for award of prejudgment interest and attorney's fees and costs supported by brief and affidavits. The affidavit of her counsel reflects that her hourly billing rate is $210; that she spent 64.70 hours working on the case; that paralegals expended a total of 10 hours at a rate of $70; that the costs for postage, filings fees, copying charges, services of process amount to $448.78 so that the amount for both attorney fees and costs is $16,646.78 which she asks be increased by a risk factor of 1.33 for an award of $21,543. Plaintiff argues that prejudgment interest is appropriate to fully compensate him for the benefits which were wrongly withheld and would unjustly enrich defendant and provide an incentive for it to deny claims. He continues that there was no evidence to conclude that plaintiff was able to perform the material duties of his regular occupation whereas there was credible evidence that he was unable to do so; defendant ignored the fact that the plant was closed as a result of profitability when that was one of plaintiff's material job duties to ensure profitability; and defendant minimized plaintiff's treating physician's opinions in contrast to their own emphasis that plaintiff continued to work.

Defendant responded on April 29th that the motion should be denied or substantially reduced. It asserts that plaintiff does not argue that defendant acted in bad faith; plaintiff was performing his job duties until he was laid off; defendant employed a qualified medical doctor to evaluate the claim; the ability to pay attorney fees should only be used as a factor when sought against a plaintiff; an award would not as a future deterrent as defendant acted in good faith and there was substantial evidence to support its position; an award would not benefit all participants or resolve significant legal question; and that defendant had a good faith position. Defendant continues that plaintiff's counsel states that she spent 64.7 hours at an hourly rate of $210 whereas defendant's counsel only spent 37.10 hours so that her base amount would be $13,578 and there is no authority for a multiplier in an ERISA case.

The following excerpt from the case of Christianson v. Poly-America, Inc. Medical Ben. Plan, 412 F.3d 935, 940-941 (8th Cir. 2005), contains the applicable law regarding consideration of attorney fees and prejudgment interest:

> Poly-America next argues that the district court improperly awarded attorney's fees and prejudgment interest to Christianson. A district court has discretion to award attorneys' fees under ERISA. Sheehan v. Guardian Life Ins. Co., 372 F.3d 962, 968 (8th Cir. 2004); Lawrence v. Westerhaus, 749 F.2d 494, 494 (8th Cir. 1984). "This Court will not overturn a District Court's decision regarding attorneys' fees absent an abuse of discretion." Sheehan, 372 F.3d at 968. "An abuse of discretion occurs when the district court commits a clear error of judgment in weighing the relevant factors." Hebert v. SBC Pension Benefit Plan, 354 F.3d 796, 801 (8th Cir. 2004) (internal citation and marks omitted).
>
> "When considering whether to award such fees, this Court has set forth general guidelines for district courts to follow, including the five factors set forth in Westerhaus." Sheehan, 372 F.3d at 968. These factors include:
>
>> (1) the degree of the opposing parties' culpability or bad faith;
>> (2) the ability of the opposing parties to satisfy an award of attorneys' fees;
>> (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances;

>   (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question [sic] regarding ERISA itself; and
>   (5) the relative merits of the parties' positions.

Westerhaus, 749 F.2d at 496 (alteration in original); Sheehan, 372 F.3d at 968.

The district court quoted the Westerhaus factors, and noted that they are not to be mechanically applied.

>   Reviewing the relevant considerations, the [district] Court finds that Christianson is entitled to fees and costs. First, Poly-America committed a serious breach of its fiduciary duty. Second, there is nothing before the Court to indicate that Poly-America would be unable to pay fees and costs or that they would unduly burden other beneficiaries. Third, the award in this instance would help deter such breaches in the future. Fourth, Christianson's action benefits all Plan participants by providing judicial interpretation of a significant policy exclusion. Finally, the relative merits of the case clearly favor Christianson. Accordingly, because all the relevant factors tip in favor of Christianson, he is entitled to attorneys' fees and costs.

(Appellant's App. at 26.)  The district court ultimately awarded Christianson $19,354.88 in attorney's fees and costs, after reducing the amount that Christianson requested by twenty-five percent. Poly-America argues that the district court did not properly apply the factors because (1) the district court failed to evaluate the degree of the Plan's bad faith or culpability, and (2) the award is not justified under the other factors.  We hold that the district court did not abuse its discretion by awarding attorney's fees.  The district court clearly considered and discussed all of the relevant factors. Though Poly-America contends that the district court was required to determine bad faith, we have recognized that "a district court is not required to consider all of the factors in every case."  Beatty v. N. Cent. Cos., 282 F.3d 602, 605 (8th Cir. 2002).

Finally, Poly-America contests the district court's award of prejudgment interest.  In reference to the award of prejudgment interest, the district court stated, "Prejudgment interest is appropriate because (1) Poly-America has continued to have use of the money, (2) the exact amount of liability on the plan was never in doubt, and (3) an award of prejudgment interest is necessary in order ⋯ [to] obtain 'appropriate equitable relief.' " (Appellant's App. at 27 n. 10, internal citation and marks omitted.)  According to Poly-America, the award of prejudgment interest constitutes a windfall to Christianson at the expense of other Plan participants, arguably because Christianson never spent any of Christianson's money to pay medical costs.

We believe that Poly-America's argument misconstrues the purpose of prejudgment interest. "Prejudgment interest awards are permitted under ERISA where necessary to afford the

plaintiff other appropriate equitable relief under section 1132(a)(3)(B)." Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 945 (8th Cir. 1999). While one purpose of the remedy is to compensate the prevailing party for financial damages incurred, id. at 946, another important purpose is to "promote settlement and deter attempts to benefit unfairly from the inherent delays of litigation." Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 752 (8th Cir.), cert. denied, 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986). "A common thread throughout the prejudgment interest cases is unjust enrichment-the wrongdoer should not be allowed to use the withheld benefits or retain interest earned on the funds during the time of the dispute." Kerr, 184 F.3d at 946. Regardless of whether Christianson spent his own money, Poly-America does not dispute that Poly-America retained the use of the funds during the dispute. We conclude that the purpose of prejudgment interest is served by the award, and thus the district court did not abuse its discretion by awarding prejudgment interest.

As defendant has not contested the request for prejudgment interest and the Court is persuaded that such relief would provide compensation for the time defendant retained the benefits awarded, prejudgment interest is awarded..

Turning to the attorney's fees factors outlined above, the Court finds that while there was not bad faith on the part of defendant, defendant's assessment focused on plaintiff's attempt to continue the job instead of the evidence from his treating doctors regarding the increasing pain; defendant clearly can satisfy an award of fees; an award could make defendant take a closer look at the opinion of treating physicians in the future; the benefit was sought only for plaintiff and did not involve a significant legal question; and the quantity and quality of the supporting evidence as to plaintiff's disability was in his favor. Thus, the Court finds that an award of attorney's fees is proper and that defendant is correct that the requested multiplier is not warranted. Based on the affidavits and without objection, the Court further finds that the requested hourly rate of $210 is appropriate. The Court has also taken into account defendant's argument as to the number of hours requested compared to those incurred by defendant. However, the Court is persuaded, given the

number of hours spent in resolving the summary judgment motion, that the requested number is reasonable.

Accordingly, plaintiff's April 12th motion (#32) for award of prejudgment interest at the applicable rate and attorney's fees and costs in the amount of $16,646.78 is hereby granted.

IT IS SO ORDERED this 10th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE